Wilmer B. GAY, Appellant,

v.

Zygmont A. PINES, et al.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 2003.
Decided Oct. 1, 2003.
Reargument En Banc Denied
Dec. 2, 2003.

Wilmer B. Gay, appellant, pro se.

Mary E. Butler, Philadelphia, for appellee.

**OPINION**

PER CURIAM.

Wilmer B. Gay, an incarcerated individual, appeals from an order of the Court of Common Pleas of Philadelphia County that denied his request to proceed in forma pauperis and dismissed his mandamus petition sua sponte on the basis that it was frivolous within the meaning of Pa. R.C.P. No. 240(j).

According to the allegations in the complaint before us, on March 14, 2002, Gay mailed an action in equity captioned *"Commonwealth ex rel. Gay v. PCRA Judge John J. Poserina, et. al"* (Poserina complaint) in which he sought to challenge his 1972 first degree murder and related convictions on the basis that he is "actually innocent" of the crimes. He mailed the Poserina complaint to the Clerk of Quarter Sessions in Philadelphia (Clerk). That office is located on Filbert Street in Philadelphia. In a cover letter, Gay asked the Clerk to forward the complaint to the Prothonotary's Office in Philadelphia because he did not have the address for that office. The Philadelphia County Prothonotary's office is, in fact, located in the City Hall Building. By form memorandum dated March 18, 2002, the Clerk advised Gay that it is "not the official filing agency for motions, petitions or any other documents that require court action," and that it refers documents it receives to "the appropriate agency." The memorandum further advised that, "We assume absolutely no responsibility for processing your legal documents which are intended for action in the First Judicial District of Pennsylvania." Gay later received correspondence indicating that the Clerk had forwarded his filing to the Post Conviction Relief Act (PCRA) Unit within the Criminal Justice Center.

Gay, again, wrote to the Clerk asking that his complaint be sent, instead, to the Philadelphia Prothonotary and received no response. Thereafter, he sent a letter to Zygmont A. Pines, the Court Administrator for the Administrative Office of Pennsylvania Courts (AOPC). After receiving no response to the letter, he then filed a complaint with the AOPC. He received a letter, in return, from Michael Crotty, an

employee of AOPC, advising him that it is not the function of the AOPC to provide legal assistance or advice to members of the public. Crotty further stated, "it is not within the purview of this office to file legal documents on the behalf of litigants." (Letter of June 24, 2002, Appendix U–7 to Complaint.) This response gave rise to the case *sub judice,* in which Gay seeks a writ of mandamus to compel the Philadelphia Prothonotary, Joseph Evers, to receive the Poserina complaint for filing, assign it a docket number, and compel Court Administrator Pines to be sure Evers does so. Gay is also seeking both punitive and compensatory damages from Evers and Pines as a result of their breach of duty to him.

■ Gay's mandamus action was originally filed in this Court at No. 502 M.D. 2002, but was transferred to the Court of Common Pleas of Philadelphia County. Thereafter, Pines filed preliminary objections. The trial court dismissed this matter on the basis of Pa R.C.P. No. 240(j), which allows for the sua sponte dismissal of an action where the individual is seeking to proceed in forma pauperis and where the court determines that the filing is "frivolous," meaning that the action "lacks an arguable basis either in law or fact." (Official Note to Pa. R.C.P. No. 240) (quoting *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Pines's preliminary objections, thus, became moot by operation of law and are not before us for review.

■ The issue we are asked to decide is whether the complaint against Pines and Evers is "frivolous," that is, without any arguable basis in law or fact. Gay asserts that, under Pa. R.C.P. No. 205.2, Prothonotary Evers had a duty to docket his complaint. That rule states, "No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure

shall be refused for filing by the prothonotary based on a requirement of local rule of civil procedure or judicial administration." However, Gay does not allege that the filing ever reached the office of the Prothonotary and, in fact, alleges that he sent it to the Clerk, who is not a named defendant in this action. Obviously, there can be no duty to docket a complaint that is not sent to or received by the Prothonotary and, therefore, Gay's allegation that Evers breached a duty to him must fail.

■ With regard to Court Administrator Pines, Gay argues that Pines had a duty under the Rules of Judicial Administration to conduct an investigation into Gay's "complaint" that the Prothonotary would not receive his case for docketing. Gay relies on three rules Rule 501(a) ("[t]he Court Administrator shall be responsible for the prompt and proper disposition of the business of all courts . . . ."); Rule 503(b) (allowing the Court Administrator, with approval from the Supreme Court, to appoint and remove certain court personnel); and, Rule 505(13) (establishing a duty on the Court Administrator to "receive comments and complaints from the public relating to the system and offices relating to and serving the system."). Examining each of these rules in turn, we conclude that none of them supports Gay's arguments. Rule 501 establishes a *general* supervisory duty on the AOPC to see that the business of the courts is carried out, but not a duty to micromanage case filings, as Gay would have it. We agree with Pines that were this so, the AOPC would have little time to perform any other function and that individual, as opposed to system-wide problems, are appropriately handled through a lawsuit in the court of common pleas in the county where the problem exists. Rule 503 gives the Court Administrator *discretion* to act on certain personnel matters, *subject to the approval*

*of the Supreme Court,* and creates no duty on Pines at all. Rule 505(13) mandates the AOPC to receive "comments and complaints from the public relating to the system," as it did here. It imposes no further duty on the AOPC to investigate those comments or complaints [1] or to prosecute any action on behalf of members of the general public. Thus, Gay's allegation that Pines breached a duty to him must fail.

 It is well settled that mandamus will lie only where the petitioning party demonstrates its clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy. *Alston v. Pennsylvania Board of Probation and Parole,* 799 A.2d 875, 876 n. 2 (Pa.Cmwlth.2002). Further, mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. *Id.* Here, it is clear that Gay has not pled facts or cited law that establishes any duty on the named defendants. Therefore, we concur with the trial court that this action is "frivolous" within the meaning of Rule 240(j) because it lacks any cognizable basis in law or fact.

Thus, the trial court's order is affirmed.

### ORDER

**NOW,** October 1, 2003, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

1. While we hold that no duty is imposed, we do not mean to suggest that investigation is prohibited, merely that it is not required.