**PRISON LEGAL NEWS, Petitioner**

v.

**OFFICE OF OPEN RECORDS, Respondent.**

**Department of Corrections, Petitioner**

v.

**Office of Open Records, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 16, 2010.
Decided April 8, 2010.

---

**944**

Alicia D. Hickok, Philadelphia, for designated petitioner, Prison Legal News.

Terry L. Mutchler, Harrisburg, for respondent, Office of Open Records.

Theron R. Perez, Asst. Counsel, Camp Hill, for intervenor/respondent, Department of Corrections.

BEFORE: PELLEGRINI, Judge, and BROBSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Before us are two appeals that have been consolidated. In neither appeal is access to public records the issue, but rather the issue is the cost of duplication and time involved in the reviewing for exempt information. Prison Legal News (PLN) appeals an Office of Open Records (OOR) determination approving the Pennsylvania Department of Corrections' (Department) estimate of the cost of duplication of records and denial of a fee waiver for duplication as being in the "public interest." The Department appeals contending that the OOR's order requiring that it turn over the records within 30 days should be reversed because it did not give it the opportunity to review the records for exempt information.

The record in this case consists of four letters sent between PLN and the Department, PLN's appeal to the OOR, and the OOR's final determination of PLN's appeal. PLN and the Department filed a joint application to supplement the record, which this Court denied in an order dated October 14, 2009. No evidence has been taken nor has a hearing been held.

This case began when Paul Wright (Wright), the editor of PLN, wrote Andrew Filkosky, the Department's Open Records Officer, requesting various records pursuant to the Right–to–Know Law (RTKL)[1] on behalf of PLN.[2] Specifically, Wright wrote:

> I am requesting on behalf of *Prison Legal News* public records containing details about any claims, settlements, or verdicts against State [sic] of Pennsylvania for $1000.00 or more involving the Department of Corrections (the Department), its employees or agents, or any of its facilities. For each payment made, please include a copy of the tort claim or complaint, or any other document that

---

**1.** Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101—67.3104.

**2.** This case was captioned *Wright v. Department of Corrections* before the OOR. PLN has been substituted for Wright in the instant appeal.

discloses the facts underlying the incident leading to the settlement or verdict. Also include any settlement agreement, general release, verdict, or court order obligating the county to pay the claimant or plaintiff. Finally, please include a copy of the check paid to the claimant or plaintiff. The time period for the above request is from January 1, 2001 through December 31, 2008.

(Reproduced Record at page 2a.) Wright also requested the Department to provide each document in an electronic format and to have all fees waived because disclosure of the requested information would be in the public interest. Wright stated that disclosure was in the public interest because the information would be published in PLN's monthly magazine and/or on its website to inform the public of the Department's operations and because PLN is a non-profit entity that will not use the information for commercial gain.

The Department responded that Wright's request required prepayment to be processed. The Department provided a "rough estimate" of at least 35,000 pages of material which, at $0.25 per page, would cost $8,750 to copy. If the actual amount differed from the estimate, the price would be adjusted after the material was produced. The Department stated that it would process Wright's request further once it had received the payment. Wright responded by reiterating his request for a fee waiver and electronic production of the records and additionally requested a spreadsheet listing all claims and verdicts so that he could refine his search and reduce costs. The Department denied Wright's requests for a fee waiver, production of records in an electronic format, and a spreadsheet. It stated that the records Wright requested did not exist in electronic format or as a spreadsheet, and that it

was not required to convert them. The Department's denial did not reference its previous response to Wright's initial request stating that it would process Wright's request once he had paid the $8,750.

Wright then appealed *pro se* to the OOR. He contended that the Department overestimated the number of pages that his request encompassed, stating that he had made the same request to numerous other federal, state and local corrections agencies and had never received such a high estimate. He also contended that the cost estimate of $8,750 was unreasonable and appeared to be an attempt to make the cost so prohibitive as to constitute a *de facto* denial of his request. He next argued that all fees should be waived because disclosure of the information was in the public interest. Finally, he argued that it was hard to believe that none of the documents he requested were kept electronically, and stated that if there was no way to provide him with the records electronically, he would be willing to send a representative to the location where the records are kept to scan them himself.

Without taking any evidence, the OOR granted in part and denied in part Wright's appeal. In its determination, it accepted the Department's assertions that 35,000 pages was an accurate estimate of the number of pages responsive to Wright's request, and that most if not all of them were not available electronically. In the section entitled "Legal Analysis," the OOR determined that the Department is not required to waive copying costs, that a $0.25 per page prepayment copying fee is reasonable, that records not available electronically are not required to be converted, that archive and handling fees are not permissible,[3] that the Department must permit Wright to personally inspect

3. This determination has not been appealed.

and copy the records if he so chooses within 30 days, and that if Wright does not choose to personally copy the records, he must pay the $8,750 prepayment and the Department must provide him with copies of the records.

Both Wright (now as PLN and represented by counsel) and the Department appealed from the OOR's final determination. In addition, the OOR filed a brief arguing that part of its final determination was incorrect and should be reversed.

## I. PLN's Appeal

In its appeal, PLN contends that the RTKL and/or due process entitles it to an evidentiary hearing at some point in the process to challenge the agency's estimate[4] of the number of responsive records that it uses to compute the prepayment required for duplication costs. This would allow it to challenge whether costs are excessive because the Department either inflated the number of responsive records or keeps some or all of them in electronic format. It also contends that the Department does not have unfettered discretion to deny a request to waive fees[5] without giving reasons why it denied the request.

Before we address PLN's contentions, we will review the process that the RTKL envisions for the processing of requests for records. Under the RTKL, access to records and duplication of records, together with fees, are all treated the same. 65 P.S. § 67.701 entitled "Access" provides:

Unless otherwise provided by law, a public record, legislative record or finan-

cial record *shall be accessible for inspection and duplication* in accordance with this act. A record being provided to a requester shall be provided in the medium requested if it exists in that medium; otherwise, it shall be provided in the medium in which it exists. Public records, legislative records or financial records shall be available for access during the regular business hours of an agency.

(Emphasis added.) If the agency determines that the information requested is not exempt, it may require the requester, if the amount is expected to be in excess of $100, to prepay the estimated cost of duplication. An agency's requirement that a requester pay a fee before receiving access to records constitutes a denial of access because it places a condition precedent on allowing the requester to access the records. Like other denials of access, the agency shall give the requestor an explanation as to how it arrived at the prepayment amount. If the requester does not pay the fee in full, the agency may withhold access. 65 P.S. § 67.903.

A requester may appeal the estimate of the number of pages to be copied upon which the required prepayment is based. 65 P.S. § 67.1101(a)(1) provides that if "a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records." "The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall

---

4. 65 P.S. § 67.1307(h) governs prepayments. 65 P.S. § 67.1307(h) provides:

> Prepayment.—Prior to granting a request for access in accordance with this act, an agency may require a requester to prepay an estimate of the fees authorized under this section if the fees required to fulfill the request are expected to exceed $100.

5. 65 P.S. § 67.1307(f) governs fee waivers. 65 P.S. § 67.1307(f) provides:

> Waiver of fees.—An agency may waive the fees for duplication of a record, including, but not limited to, when:
> (1) the requester duplicates the record; or
> (2) the agency deems it is in the public interest to do so.

address any grounds stated by the agency for delaying or denying the request." 65 P.S. § 67.1101(a)(1). If the relief requested is a reduction of fees because the agency allegedly overestimated the number of documents, the requestor must set forth a reason why it believes the number of copies is overestimated or in the case of electronic access, why it believes that the information exists in a digital medium.

Because the RTKL explicitly makes the Administrative Agency Law[6] inapplicable, the provisions of that law requiring an evidentiary hearing do not apply. 65 P.S. § 67.1309. Similar to the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, the RTKL does not require a hearing before the OOR makes a final determination on the issue of fee waivers or reductions.[7] Given the strict time limits for both the agency and the OOR to make determinations, the General Assembly provided that unless the OOR appeals officer decides that a hearing is necessary, determinations of access to records are to be made based upon the request and the response(s) of the agency. 65 P.S. § 67.1101(b)(3).

 Contrary to PLN's contention, due process does not require a hearing because the right to information provided by the RTKL does not involve a property right because access to public records is a "privilege" granted by the General Assembly.[8] See Sinito v. United States Department of Justice, 176 F.3d 512, 515 (D.C.Cir.1999) ("Were it [a denial of access

under FOIA] a cause of action sounding in property rights ..."). Due process is only required when an individual faces deprivation of a life, liberty or property interest, and even then a requestor is not guaranteed an evidentiary hearing. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). However, even assuming arguendo that the RTKL does create a right that rises to the level of a property right in the requested information, due process would not require a full-blown hearing. The private interest affected—access to government documents—is relatively minor; the government's interest in reducing the fiscal and administrative burdens of responding to RTKL requests so that it can concentrate its resources on its regular duties is high; and the likelihood that a full-blown hearing would lessen erroneous deprivations of the right compared to reliance on written submissions is low. See Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The requester then can appeal the OOR's determination to the applicable court. With regard to how the reviewing court should review that determination, in Bowling v. Office of Open Records, 990 A.2d 813 (Pa.Cmwlth.2010), we held that 65 P.S. § 67.1301(a) provided for an independent review of the evidence, not de novo review. We explained that although 65 P.S. § 67.1303(b) provides that the rec-

---

6. 2 Pa.C.S. §§ 501–508, 701–704.

7. 5 U.S.C. § 552(a)(6)(A) provides that an agency "shall notify" the requester of its determination, and if the requester appeals, the agency "shall notify" the requester if the denial is upheld. These sections do not require any hearing. Furthermore, 5 U.S.C. § 552(a)(4)(A)(vii) provides that a court's review of a fee waiver or reduction appeal "shall be limited to the record before the agency." See National Treasury Employees

Union v. Griffin, 811 F.2d 644 (D.C.Cir.1987), for an example of application of FOIA procedures following a fee waiver or reduction request.

8. The denomination of something as a privilege rather than a right only involves how it is characterized, not its importance. For example, a driver's license is a privilege, not a right. Kocher v. Bickley, 722 A.2d 756 (Pa. Cmwlth.1999).

ord on appeal consists of the request for public records, the agency's response, the appeal, the hearing transcript, if any, and the final written determination of the appeals officer, it does not expressly restrain a court from reviewing other materials or prohibit a court's supplementation of the record through a hearing or remand.[9] *Bowling.* "[I]n the absence of a specific restriction, a court deciding a statutory appeal has the inherent authority to take reasonable measures to ensure that a record sufficient for judicial review exists." *Id.* at 822. If the record is insufficient to conduct proper judicial review, the court may remand to the OOR to either hold a hearing or request the agency to provide more information concerning its decision. *Id.*

 Unlike access to records or duplication, the RTKL gives the agency discretion whether to waive duplication fees if it deems it in the public interest to do so. If a request is made for a waiver of fees, the requester must explain why the waiver is in the public interest. However, contrary to the Department's contention that it does not need to explain why it denied the fee request, it must articulate some non-discriminatory reason for not waiving the fee. Once there is some nondiscriminatory reason given, there is no right to appeal that determination. 65 P.S.

§ 67.1101 only authorizes a requestor to take an appeal "[i]f a written request for access to a record is denied or deemed denied." A fee waiver is not a denial of access so a requestor has no appeal rights under the statute.[10]

 In this case, there is an insufficient basis for the Department's prepayment estimate. The Department explained that it arrived at the conclusion that PLN's request encompassed 35,000 pages based on an average of 175 cases per year that settled for at least $1,000, that each complaint in those cases averaged 15 pages and each settlement agreement averaged 10 pages, that the request covers eight years, and that few, if any, of the records are available electronically. Multiplying 175 × 25 × eight equals 35,000. However, the Department did not explain how it arrived at the figures of 175 cases per year, 15 pages per complaint, or 10 pages per settlement agreement. While we presume that the Department arrived at the prepayment amount by sampling, that was not explained in its response. Considering that the OOR's decision is based on the reasons given in the written response by the agency, the agency should provide in its written response to the requestor the methodology used in arriving at the prepayment amount. As to

9. We further explained that although "Section 1101(a)(2) of the RTKL also provides that an appeals officer's decision to hold or not to hold a hearing is not appealable[, w]e construe this provision to be a limitation on a requester's ability to appeal a denial of hearing, not a limitation on the inherent authority of a court to supplement a record so that it is sufficient for review." *Id.* at 823 n. 11.

10. PLN compares 65 P.S. § 67.1307(f) to analogous provisions of the FOIA and the Oregon Public Records Law (Oregon Law), and argues that the RTKL should be interpreted the same way. However, both comparisons are inapposite. The FOIA provides that

documents "shall" be furnished without charge or at a reduced charge if disclosure of the information is in the public interest. 5 U.S.C. § 552(a)(4)(A)(iii). This mandatory language contrasts with the permissive language of the RTKL, which provides that an agency "may" waive fees if doing so is in the public interest. Likewise, the Oregon Law, while providing agencies with the discretion to waive fees, also provides a detailed procedure involving petitioning the attorney general or district attorney when a requester believes that a request for a fee waiver has been unreasonably denied. ORS 192.440(6). The RTKL contains no such provision.

the waiver of fees, the Department gave no explanation at all for why it declined to grant PLN a public interest fee waiver, merely stating that the request for a fee waiver was denied.[11] Therefore, the matter is remanded to the OOR for further remand to the Department to provide explanations for why it denied PLN's request for a public interest fee waiver and its methodology in arriving at the estimate that PLN's request encompassed 35,000 pages.

## II. The Department's Appeal

■ In its appeal, the Department contends that the OOR erred by treating the two requests by PLN as one, thereby requiring the Department to provide to PLN all the records without giving it a chance to determine whether any of them are not public records. The Department argues that only the issues raised in PLN's second letter were before the OOR, and that its response to PLN's request was merely an interim response that simply stated that prepayment was required. In the context of this case, the Department must still have the chance to go through the documents PLN requested to ensure that only public records are released. In its brief, the OOR agrees with the Department's analysis, arguing that it erred by requiring the Department to provide all the requested records to PLN without first giving the Department the opportunity to remove or redact any non-public records.

65 P.S. § 67.901 provides, in relevant part:

> Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record[.]

65 P.S. § 67.901's mandatory language makes clear that the Department is required to go through this analysis before releasing the requested records. As the record shows that the Department had yet to perform this analysis at the time of the OOR's final determination, the OOR erred in requiring it to release all of the records PLN requested once PLN paid the applicable fee. Before any records are released, the Department must have the opportunity to determine whether any of the information requested is exempt from disclosure.

For the foregoing reasons, the final determination of the OOR is vacated and this matter is remanded for proceedings consistent with this opinion with regard to PLN's appeal and reversed and this matter is remanded with regard to the Department's appeal.

## ORDER

AND NOW, this *8th* day of *April,* 2010, the final determination of the Office of Open Records (OOR) dated April 13, 2009, is vacated and this matter is remanded for proceedings consistent with this opinion with regard to Part I of this opinion concerning Prison Legal News' appeal, and reversed and this matter is remanded with regard to Part II of this opinion concerning the Department of Corrections' appeal.

11. The Department said that it was unaware of any documents that were kept in an electronic format. The nonexistence of information requires no further explanation.