### DEPARTMENT OF PUBLIC WELFARE, Petitioner

v.

### Michael FROEHLICH on behalf of COMMUNITY LEGAL SERVICES, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2011.

Decided Oct. 11, 2011.

Leonard W. Crumb, Senior Assistant Counsel, Harrisburg, for petitioner.

Michael Froehlich, Philadelphia, for respondents.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Department of Public Welfare (Department) appeals an Office of Open Records (OOR) determination granting the appeal of Michael Froehlich (Froehlich) and ordering the Department to provide the requested records to Froehlich at no cost because the Department failed to set forth a non-discriminatory basis for denying Froehlich's fee-waiver request. Because the OOR lacks jurisdiction to hear such appeals, its determination is vacated.

The facts of this case are not in dispute. Froehlich is a staff attorney for Community Legal Services (CLS), a non-profit law firm which provides legal services to low-income Philadelphia residents regarding such matters as the receipt of government or public benefits from the Department. CLS operates solely on grants from various foundations, private individuals and government agencies, including the Department. On September 17, 2009, Froehlich filed a request pursuant to the Right–to–Know Law (RTKL)[1] on behalf of CLS seeking various departmental records pertaining to final-omitted regulations the Department submitted to the Independent Regulatory Review Commission (IRRC). The request specifically sought "[a]ll Departmental data on special allowance usage relied upon in completing the Regulatory Analysis Form accompanying the Depart-

---

**1.** Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

ment's proposed reg[ulation]s # 14–517." (Reproduced Record (R.R.) at 15a). According to Froehlich, these regulations would significantly restrict the availability of welfare-to-work allowances that CLS's clients rely upon to obtain education, employment and training. Froehlich alleged that the Department pushed these regulations through without the benefit of public comment and relied upon unpublished data to justify the significant changes in welfare-to-work special allowances the regulations would bring.

On September 24, 2009, the Department issued an interim response granting Froehlich access to the requested records but stating that a prepayment[2] of $80.00 in duplication fees was required before the request could be processed. Froehlich requested that the Department waive the duplication fee pursuant to Section 1307(f) of the RTKL[3] because production of the documents would be in the public interest and because CLS could not afford the fee imposed. The Department denied Froehlich's fee-waiver request without providing any reasoning, stating simply "[w]e are unable to waive the fees for your request." (R.R. at 34a). Froehlich appealed the denial to the OOR, which affirmed the Department's decision and Froehlich then appealed to this Court.

While Froehlich's initial appeal was pending, this Court issued its decision in *Prison Legal News v. Office of Open Records*, 992 A.2d 942 (Pa.Cmwlth.2010),

which also involved an appeal from a Commonwealth agency's denial of a fee-waiver request. In that case, we held that while an agency has discretion under Section 1307(f) of the RTKL to waive duplication fees if it deems such waiver in the public interest, the agency "must articulate some non-discriminatory reason for not waiving the fee." *Id.* at 948. Given the decision in *Prison Legal News*, we issued an order in the present case vacating the OOR's determination and remanding the case to the OOR. The OOR then remanded the case to the Department to "[a]rticulate to the OOR some non-discriminatory reason(s) for denying the fee waiver request." (R.R. at 1a).

On remand, the Department's Agency Open Records Officer (AORO) provided a written explanation of its denial, specifically noting budgetary concerns:

Like CLS, [the Department] also serves the public. Also like CLS, the Department operates on a limited budget. Thus, in effect, I understood your request to ask that the Department subsidize CLS's operations (beyond the funding that it already provides) by shifting the record-duplication costs from CLS to the Department. In September of 2009, when you made your fee waiver request, the effects of the nationwide recession were already having a dramatic negative effect upon [the Department]'s operations, including staff reductions, a hiring freeze, and budget

---

2. Section 1307(h) of the RTKL governing prepayments states:

Prepayment.—Prior to granting a request for access in accordance with this act, an agency may require a requester to prepay an estimate of the fees authorized under this section if the fees required to fulfill the request are expected to exceed $100.

65 P.S. § 67.1307(h). The Department estimated that Froehlich's request encompassed 320 pages of documents. With a duplication

rate of $0.25 per page, this results in a fee of $80.00.

3. 65 P.S. § 67.1307(f). That section states:

(f) **Waiver of fees.**—An agency may waive the fees for duplication of a record, including, but not limited to, when:
(1) the requester duplicates the record; or
(2) the agency deems it is in the public interest to do so.

constraints and program cutbacks. In light of these considerations, my determination was that any public interest that might be served by granting your fee-waiver request is outweighed by the public interest in protecting against the unnecessary reduction of resources available to this agency, for use in fulfilling its public functions.

(R.R. at 46a). Regarding the allegation of discrimination, the Department's AORO stated, "[i]n weighing the competing interests, I have not assigned the latter any more weight than I would in the case of any other waiver request." (R.R. at 47a).

Froehlich appealed this explanation to the OOR, arguing that the Department's proffered reason for denying the fee-waiver request was not nondiscriminatory because it was based upon the source of CLS's funding. According to Froehlich, the Department should treat CLS the same as any other non-profit organization that serves the public interest, regardless of the fact that CLS draws some of its funding from the Department. In the alternative, Froehlich requested that the OOR hold an evidentiary hearing pursuant to Section 1310(a)(2) of the RTKL, 65 P.S. § 67.1310(a)(2), to evaluate the Department's claim that it cannot afford to grant the fee-waiver request. The OOR denied the request for a hearing, but requested that the Department provide it with additional information, including: the number of fee-waiver requests it had received; its response to those requests; and the grounds set forth for denial of those requests. The Department declined to provide this information to the OOR, stating that it had already provided a non-discriminatory reason for the denial.[4]

The OOR granted Froehlich's appeal, stating that while budgetary concerns could be a non-discriminatory reason for denying a fee-waiver request under the RTKL, "without supporting evidence showing that [the Department] had never granted a similar fee-waiver request or had never granted a fee-waiver where the fees exceed a certain dollar amount, [the Department] has failed to articulate a non-discriminatory reason for denying the fee-waiver request." (October 28, 2010 OOR Determination at 10). The OOR ordered that the Department provide the requested records to Froehlich at no cost. This appeal followed.[5]

On appeal, the Department first argues that a requester is not entitled to appeal an agency's discretionary decision to deny a fee-waiver request under any circumstances. It contends that the OOR was created by and, like any agency, only possesses those powers conferred upon it by the RTKL. Section 1101(a)(1) of the RTKL regarding appeals from agency determinations states, in pertinent part, "[i]f a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open

---

4. The Department also filed a motion to dismiss Froehlich's appeal with the OOR, arguing that Froehlich had no right to maintain an appeal because the Department's reason for denying the fee-waiver request was non-discriminatory. The OOR addressed the motion to dismiss along with the merits of the case and denied the Department's motion.

5. In *Bowling v. Office of Open Records,* 990 A.2d 813 (Pa.Cmwlth.2010), *appeal granted,* — Pa. —, 15 A.3d 427 (2011), this Court held that 65 P.S. § 67.1303(b) provides for an independent review of the evidence rather than *de novo* review. We stated, "a reviewing court, in its appellate jurisdiction, independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency." *Id.* at 818. As for the appropriate scope of review, we held that a reviewing court was entitled to the broadest scope of review. *Id.* at 820.

Records." 65 P.S. § 67.1101(a)(1).[6] Because the denial of a fee-waiver request is not a denial of access, the Department argues that there is no right to appeal at all and the OOR does not have jurisdiction to review the denial of a fee-waiver request, even if the requester alleges the denial was not non-discriminatory. See also *Prison Legal News*, 992 A.2d at 948 ("a fee waiver is not a denial of access so a requestor has no appeal rights under the statute").

Recognizing that agencies have almost complete discretion to waive fees that would otherwise be collected by the agency and placed in the public treasury, in *Prison Legal News*, we stated that there was no right to appeal once a nondiscriminatory reason was given by the Department:

> Unlike access to records or duplication, the RTKL gives the agency discretion whether to waive duplication fees if it deems it in the public interest to do so. If a request is made for a waiver of fees, the requestor must explain why the waiver is in the public interest. However, contrary to the Department's contention that it does not need to explain why it denied the fee waiver request, it must articulate some non-discriminatory reason for not waiving the fee. *Once there is some non-discriminatory reason given,* there is no right to appeal that determination. 65 P.S. § 67.1101 only authorizes a requestor to take an appeal "[i]f a written request for access to a record is denied or deemed denied." A fee waiver is not a denial of access so a requestor has no appeal rights under the statute.

992 A.2d at 948. (Emphasis added). While Froehlich does not have the right to simply appeal the fee-waiver denial, he does have the right to appeal whether or not the decision to deny the fee-waiver request was discriminatory. To adopt the Department's interpretation, agencies could provide *any* reason they wished for denying a fee-waiver request, even a reason that was clearly discriminatory, and requesters would have absolutely no recourse. However, what was not addressed in *Prison Legal News* is what a discriminatory reason is and where an appeal should be taken if the requester alleges that the given reason was discriminatory.

While we did not address in *Prison Legal News* what would be an unacceptable, discriminatory reason for denying a fee-waiver request, we envisioned it would encompass the generally accepted meaning of the term. Regarding claims of discrimination in general, we have noted that "[d]iscrimination is simply not actionable unless it is in violation of some constitutional, contractual, statutory, or regulatory right." *Horton v. Jefferson County–Dubois Area Vocational–Technical School,* 118 Pa.Cmwlth. 598, 545 A.2d 998, 999 (1988). For example, the Pennsylvania Human Relations Act (PHRA)[7] sets forth actionable bases of discrimination in the Commonwealth regarding the denial of

---

**6.** The denial of a request for duplication is a denial of the right to access. Section 701 of the RTKL, 65 P.S. § 67.701, provides that:

> Unless otherwise provided by law, a public record, legislative record or financial record shall be accessible for inspection and duplication in accordance with this act. A record being provided to a requester shall be provided in the medium requested if it exists in that medium; otherwise, it shall be provided in the medium in which it exists.

> Public records, legislative records or financial records shall be available for access during the regular business hours of an agency.

No such right exists if an agency does not exercise its discretion to waive fees that would otherwise be due and owing.

**7.** Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§ 951–963.

equal employment, housing and public accommodation. Specifically, the PHRA forbids discrimination in these areas based upon "race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of the blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animal." Section 3 of the PHRA, 43 P.S. § 953. Typically, factual allegations are required in support of discrimination claims, and the burden of proof ultimately falls upon the party claiming it was discriminated against to prove that the proffered reasoning was really a pretext for discrimination. *See Horton; Reck v. State Civil Service Commission,* 992 A.2d 977 (Pa.Cmwlth.2010). In this case, the OOR seemed to assume that the reason the Department provided was not discriminatory; however, the OOR's decision held that the Department had to prove that the reason was valid when, in actuality, it was Froehlich's burden to prove otherwise. While we would have vacated and remanded to the OOR because it improperly placed the burden on the Department to make out that the reason was not pretextual, the more difficult question is whether the OOR has jurisdiction to make that determination in the first instance.

■ Again contending that the RTKL only gave the OOR jurisdiction over denial of access, not fee-waiver requests, and that the General Assembly gave it the sole discretion to waive fees if it desired to do so, 65 P.S. § 67.1307(f), the Department contends that any appeal involving a fee-waiver would follow the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa.Code §§ 31.1–35.251. The GRAPP applies to "the practice and procedure before agencies of the Commonwealth," 1 Pa.Code § 31.1(a), including the Department. According to the Department, an agency's open-records officer (AORO) is a subordinate officer; therefore, if a requester seeks to challenge the discretionary decision of an AORO to deny a fee-waiver request, the appropriate remedy under the GRAPP is to appeal to the agency head, which, in this case, is the Secretary of Public Welfare. If the Secretary also rules against the requester, the Department suggests that the requester would be able to seek judicial review of that decision with this Court. Therefore, the Department argues that the OOR completely lacks jurisdiction to hear such appeals. The countervailing argument is that while Section 1101 does not specifically address appeals from the denial of a fee-waiver request, such requests were included in the RTKL, and it would be impractical to require a requester to file one appeal with the OOR and a separate appeal with the agency head.

■ While we agree the more practical procedure, which creates less confusion with the public and ensures judicial economy, is that all appeals regarding RTKL requests should lie first with the OOR, this reasoning alone is not sufficient if the statute does not support such an interpretation. Unfortunately, much in the RTKL is left open to interpretation, with no clear direction. However, the Department's argument that GRAPP applies is inconsistent with Section 1309 of the RTKL, 65 P.S. § 67.1309, which states that provisions of the Administrative Agency Law do not apply to the RTKL unless specifically adopted. Because GRAPP implements the Administrative Agency Law, this necessarily means that GRAPP does not apply to the RTKL. With that avenue gone, and because waiver of fees is not a denial of access, there is no express right under the RTKL to appeal to the OOR because the General Assembly never anticipated that

the agency could give a discriminatory reason for denying a request for a fee-waiver. Because there is no right to appeal to the OOR and no right to appeal to the agency, the only method to challenge the alleged discrimination by an agency is by bringing an action in this Court claiming the agency denied its fee-waiver request for an unlawful discriminatory reason.

Accordingly, the determination of the OOR is vacated for lack of jurisdiction.

Senior Judge KELLEY dissents.

### ORDER

AND NOW, this 11th day of October, 2011, the Final Determination of the Office of Open Records, dated October 28, 2010, is hereby vacated.