IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
                          Petitioner     :
                                         :
          v.                             :
                                         :
Office of Inspector General,             :    No. 1439 C.D. 2015
                          Respondent :         Submitted: May 20, 2016


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                   FILED: June 13, 2016


          Alton D. Brown (Brown) petitions *pro se* for review of a final
determination of the Office of Open Records (OOR) dismissing his appeal under
the Right-to-Know Law[1] (RTKL) for failure to submit a copy of his request and the
agency's response along with his appeal.  For the reasons that follow, we affirm.


          Brown is an inmate currently incarcerated at the State Correctional
Institution (SCI) at Greene, a facility within the Commonwealth's Department of
Corrections (DOC).  On or about May 29, 2015, Brown submitted a request to the
Pennsylvania Office of Inspector General (OIG) under the RTKL for documents he

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

claimed he needed "to support [his] criminal and civil litigation pending in the various Pennsylvania state and federal courts." (Certified Record (C.R.) Exhibit (Ex.) 4.) Specifically, Brown requested the following documents:

> 1. OIG rules, regulations, policies or related authority that governs the duties and functions of specific Officer and/or Bureaus' [sic] within the Department, including: Inspector General; Executive Secretary; OIG Legal Office; Deputy Inspector General; Chief Counsel; Program Integrity Office; Bureau of Social Investigation; Bureau of Fraud Prevention and Prosecution; Bureau of Administrative Services; Bureau of Information System; Regional Officer; Operations Support Division; Budget Division; Employee Service Division; Claims Accounting Division; Training Division; Policy Division; Application Department and Support Division; Business Applications Development Division; Information Technology Services Division.

> 2. Reports that reflect the names and reasons of Government Staff, who were sanctioned, demoted, dismissed or disciplined as a result of OIG investigations during the past ten (10) years.

(*Id.*) On June 8, 2015, the OIG issued a response denying Brown's request because it was not sufficiently specific pursuant to Section 703 of the RTKL, 65 P.S. §67.703; the documents sought were exempt from disclosure under several exemptions found in Section 708 of the RTKL, 65 P.S. §67.708; and because this qualified as a disruptive request pursuant to Section 506(a) of the RTKL, 65 P.S. §67.506(a), as Brown had made repeated requests for the same records numerous

times which placed an unreasonable burden on the OIG.[2] The OIG's response also informed Brown that if he chose to appeal the denial of his request to the OOR, he must submit copies of his original request as well as the agency's response with his appeal.

Brown filed an appeal to the OOR dated June 26, 2015, and was received by the OOR on June 30, 2015. In this appeal, Brown asserted, *inter alia*, that the OIG conspired with the DOC to prevent him from exercising his rights under the RTKL and to deny him access to the requested documents. Because Brown failed to include a copy of his initial request and the OIG's response with his appeal, on June 30, 2015, the OOR issued a notice of filing deficiency (Notice) to Brown stating that "[i]n order to review the agency's denial of your request for records, the record on appeal is required to include both the request and the agency's response. [Section 1303(b) of the RTKL], 65 P.S. §67.1303(b)." (C.R. Ex. 3.) The Notice explained that Brown was required to file copies of both the complete request and the OIG's final response "within seven (7) calendar days of the date of this letter," or his appeal would be dismissed. (*Id.*)

On July 2, 2015, the OOR received a submission from Brown consisting of his own declaration as well as what appears to be a copy of his request to the OIG. However, because this submission did not include a copy of the OIG's final response as specified in the Notice, on July 8, 2015, the OOR

---

[2] In support of its denial, the OIG attached a seven-page affidavit of Anthony J. Fiore, Deputy Inspector General, explaining why the OIG believed the requested documents were exempt.

issued a final determination dismissing Brown's appeal for failure to comply with the OOR's Notice and Section 1303(b) of the RTKL, 65 P.S. §67.1303(b).[3] Brown then petitioned this Court for review.[4]

Brown argues that the OOR erred in dismissing his appeal because it failed to apply the prison mailbox rule[5] to the documents submitted in support of his appeal. According to Brown, he submitted all of the necessary appeal documents in three separate mailings and alerted the OOR to this fact, and that the OOR prematurely dismissed his appeal. However, there is no evidence in the record to support this contention.

Section 1303(b) of the RTKL states that "[t]he record before a court shall consist of the request, the agency's response, the appeal filed under section 1101, the hearing transcript, if any, and the final written determination of the appeals officer." 65 P.S. §67.1303(b). The OIG's response denying Brown's

---

[3] On July 16, 2015, the OOR received a petition for reconsideration from Brown which included the first page of the OIG's four-page response denying his request. (C.R. Ex. 7.) The affidavit of Deputy Inspector General Fiore was not included with the request. (*Id.*) The OOR denied Brown's petition for reconsideration on August 3, 2015. (C.R. Ex. 8.)

[4] Our standard of review of a decision made by an OOR appeals officer under the RTKL is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[5] With respect to timely filing an appeal pursuant to the RTKL, the OOR's Procedural Guidelines state, in pertinent part, "Prison Mailbox Rule – If a Requester is incarcerated, the OOR will consider appeal submissions timely filed with evidence that the appeal was placed into the institutional mail within the fifteen (15) business day appeal period provided under Section 1101(a)(1) of the RTKL." Procedural Guidelines – Statement of Policy, §IV.C.4.b.i. As we have repeatedly held, these are only "Interim Guidelines," not duly promulgated regulations that would be entitled to deference. *Bowling*, 75 A.3d at 471 n.20.

request for records specified that if he wished to file an appeal, Brown must submit copies of both his request and the agency's response to the OOR. The record shows that Brown's appeal failed to contain copies of these essential documents. (C.R. Ex. 1.) In addition, the OOR's Notice gave Brown an additional seven days to provide copies of the documents, yet he failed to do so. The OOR was not able to conduct any type of review in this case without these necessary documents and, therefore, it properly dismissed Brown's appeal.

Brown also contends that the OOR violated his due process rights by dismissing his appeal without a hearing. Access to public records is a "'privilege' granted by the General Assembly," not a property right. *Prison Legal News v. Office of Open Records*, 992 A.2d 942, 947 (Pa. Cmwlth. 2010). A "live hearing" is not required under the RTKL because due process only mandates such a hearing "when an individual faces deprivation of a life, liberty or property interest, and even then a requestor is not guaranteed an evidentiary hearing." *Id.* Because Brown did not have a protected property interest in the requested records, the OOR did not violate his due process rights for not holding a hearing.

Accordingly, the final determination of the OOR is affirmed.

DAN PELLEGRINI, Senior Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                             :
                          Petitioner        :
                                            :
            v.                              :
                                            :
Office of Inspector General,                :
                          Respondent        :     No. 1439 C.D. 2015


# **O R D E R**


AND NOW, this 13<u>th</u> day of  June, 2016, the final determination of the Office of Open Records dated July 8, 2015, is affirmed.


_____
DAN PELLEGRINI, Senior Judge