# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,
          Petitioner

v.

Joseph H. Evers/Office of Judicial
Record of Philadelphia County,
Pennsylvania,
          Respondent

:
:
:
:
:  No. 9 M.D. 2019
:  SUBMITTED: December 20, 2019
:
:
:
:
:

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                     FILED: January 31, 2020

Petitioner, Alton D. Brown (Brown), an inmate in a Pennsylvania state correctional institution, seeks mandamus relief from this Court in our original jurisdiction. Brown asks this Court to order Respondent, Joseph H. Evers (Evers), to accept a private criminal complaint for filing in the Court of Common Pleas of Philadelphia County.

Evers has filed preliminary objections on several bases, including improper service, lack of jurisdiction over the subject matter, and immunity. Because we agree with Evers that this Court lacks subject matter jurisdiction over this action, we do not reach his other preliminary objections.

Brown is suing Evers solely in his alleged official capacity. In his opposition to the preliminary objections, Brown explains his action is "a suit against the Philadelphia County Prothonotary, who solely has the function of filing Court papers. . . ."[1] Memorandum of Law in Support of Response to Preliminary Objections, at 1. Thus, Brown's action relates to performance of official duties.

---

[1] In his memorandum of law in support of his preliminary objections, however, Evers states he is the District Court Administrator of the Philadelphia County Court of Common Pleas.

Pennsylvania has a statewide Unified Judicial System. *See* PA. CONST. art. V, § 1; 42 Pa.C.S. § 301. Although Brown describes his petition for review as solely against Evers, in an action against an official in his official capacity, the governmental entity of which the official is an agent is the real party in interest. *See Miller v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 703 A.2d 733 (Pa. Cmwlth. 1997)). Thus, this original jurisdiction matter actually seeks mandamus relief against a court of the statewide Unified Judicial System.

This Court has original jurisdiction in cases of mandamus relating to courts of inferior jurisdiction. 42 Pa.C.S. § 761(c). Such jurisdiction, however, is limited to situations in which "such relief is ancillary to matters within its appellate jurisdiction." *Id.* Because there is no appeal properly within our appellate jurisdiction now pending before this Court such that the issuance of this writ is necessary to protect this Court's appellate jurisdiction, we lack jurisdiction to entertain this matter. *See Mun. Publ'ns, Inc. v. Court of Common Pleas of Phila. Cty.*, 489 A.2d 1286 (Pa. 1985).

Matters filed in this Court over which we lack jurisdiction must be transferred to the court having jurisdiction. Pa.R.A.P. 751(a). Accordingly, we sustain Evers's preliminary objections and transfer this matter to the Court of Common Pleas of Philadelphia County. *See Gay v. Pines*, 835 A.2d 402 (Pa. Cmwlth. 2003) (noting that petition for mandamus, seeking to compel acceptance of document for filing in common pleas court, was transferred to common pleas court).

Judge Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
                    Petitioner           :
                                         :
        v.                               :   No. 9 M.D. 2019
                                         :
Joseph H. Evers/Office of Judicial       :
Record of Philadelphia County,           :
Pennsylvania,                            :
                    Respondent           :

**<u>PER CURIAM</u>**

# **O R D E R**

AND NOW, this 31st day of January, 2020, upon consideration of respondent's preliminary objection challenging jurisdiction, and petitioner's response thereto, the objection is sustained. This matter is transferred to the Court of Common Pleas of Philadelphia County.

The Prothonotary shall certify a copy of the docket entries of the above matter to the Prothonotary of the Court of Common Pleas of Philadelphia County.