IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,
    Petitioner   :
           :
           :
  v.        :
           :
Department of Corrections,  :  No. 705 C.D. 2020
    Respondent  :  Submitted: March 12, 2021


BEFORE:  HONORABLE P. KEVIN BROBSON, President Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: April 26, 2021


    Dwight Bowen (Bowen), *pro se* and proceeding *in forma pauperis*, petitions for review of a final determination by the Office of Open Records (OOR). Bowen appealed to the OOR after the Department of Corrections (Department) declined his request for a waiver of fees for document copies Bowen sought under the Right-to-Know Law (RTKL).[1] The OOR determined that it lacked jurisdiction because there is no right of appeal from a refusal to waive copy fees under the RTKL. Upon review, we affirm the OOR's determination.

    Bowen has also filed a second petition for review under the same docket number, purportedly in this Court's original and appellate jurisdiction, seeking to compel production of free copies of documents pursuant to his RTKL request. To the extent that the second petition seeks relief against the Department under the

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

RTKL, Bowen's request is dismissed. To the extent that the second petition seeks to compel production of documents in discovery in Bowen's pending criminal action, the petition is transferred to the Court of Common Pleas of Indiana County for disposition in pending action No. CP-32-CR-1119-2019.

## I. Background

Bowen is an inmate at the Pennsylvania State Correctional Institution at Houtzdale. Certified Record (C.R.) Item #1. In March 2020, Bowen requested a number of documents from the Department under Section 1303 of the RTKL, 65 P.S. § 67.1303.[2] C.R. Item #1 at 6; C.R. Item #7 at 3. The Department estimated there would be 1091 pages of responsive documents. C.R. Item #1 at 7. Accordingly, the Department informed Bowen he would need to prepay $280.50 plus $7.75 in postage costs before his request would be processed further. *Id.*

Bowen authorized deduction of the prepayment amount from his prison account, but there were not sufficient funds. C.R. Item #7 at 19. He then appealed to the OOR.[3] C.R. Item #1; C.R. Item #6 at 1. The OOR invited both parties to

---

[2] Bowen alleges the documents relate to pending criminal charges against him. Certified Record (C.R.) Item #7 at 16. He alleges his court-appointed counsel "abandoned" him, in that there have been no recent filings in the criminal case. C.R. Item #7 at 1; *see* C.R. Item #1 at 1. He claims his attempts to pursue discovery in the criminal case on his own were unsuccessful. C.R. Item #1 at 1-2; C.R. Item #7 at 1. His request for information from the Department under the Right-to-Know Law (RTKL) is an attempt to obtain by other means the information he could not obtain in discovery. However, as this Court explained in *Padgett v. Pennsylvania State Police*, 73 A.3d 644 (Pa. Cmwlth. 2013), a requester's reason for seeking documents and his intended use of the information are irrelevant to the request. *Id.* at 647. Although the discussion in *Padgett* related to whether the requested documents were public records, the reason for Bowen's request is equally irrelevant to the question of whether the Department should grant a fee waiver.

[3] The record does not contain any document evidencing a specific request by Bowen for waiver of the copy fees. It is unknown whether Bowen first requested a waiver from the

2

supplement the record.  C.R. Item #3.  The Department submitted a response declining Bowen's fee waiver request, explaining to the OOR that the waiver refusal was based on "[c]urrent economic circumstances and the lack of funding dedicated to the cost of fulfilling RTKL requests . . . ."  C.R. Item #6 at 1 & Ex. A ¶ 11.

The OOR concluded it lacked jurisdiction under the RTKL to consider Bowen's appeal.  C.R. Item #8 at 2.  Citing this Court's decision in *Department of Public Welfare v. Froelich ex rel. Community Legal Services*, 29 A.3d 863, 868-69 (Pa. Cmwlth. 2011), the OOR explained that because the RTKL provides a right of appeal to the OOR only from a denial of access to public records, and a refusal to waive copy fees is not a denial of access, there is no right of appeal to the OOR from the Department's refusal to waive fees.  C.R. Item #8 at 2.

Bowen then petitioned for review in this Court.

## II. Issues

On review by this Court,[4] Bowen asserts several interrelated arguments, which we paraphrase as follows.  He contends that his court-appointed criminal defense counsel abandoned him and that the documents he seeks should be available

Department and appealed to the OOR from the denial of that request, or whether he simply sought a waiver by the Department through his appeal to the OOR.

[4] "[A] reviewing court, in its appellate jurisdiction, *independently* reviews the OOR's orders and may substitute its own findings of fact for that [sic] of the agency."  *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 818, (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013).  Thus,

> while reviewing [a petition for review] in our appellate jurisdiction, we function as a trial court, and we subject this matter to independent review.  We are not limited to the rationale offered in the OOR's written decision. Accordingly, we will enter narrative findings and conclusions based on the evidence as a whole, and we will explain our rationale.

*Id.* at 820; *see* Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a).

3

to him at no charge through the criminal proceeding. He argues that the Department should honor his indigent status by waiving copy fees for his RTKL request and that his ability to defend the pending criminal action is prejudiced by his inability to obtain the requested documents.

## III. Discussion

### A. Petition for Review of OOR Decision

Under Section 1307(h) of the RTKL, an agency may require prepayment by a requester where copy fees are estimated to exceed $100. 65 P.S. § 67.1307(h). Here, the estimated cost was $280.50 plus $7.75 for postage. C.R. Item #1 at 7. Therefore, the Department's demand for prepayment by Bowen was authorized by the RTKL.

Section 1307(f) of the RTKL gives an agency discretion to waive copy fees, but it does not require that the agency do so. 65 P.S. § 67.1307(f). Section 1101(a)(1) of the RTKL provides that "[i]f a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records." 65 P.S. § 67.1101(a)(1). However, as this Court has explained, this provision does not apply to an agency's refusal to waive fees:

> Unlike access to records or duplication, the RTKL gives the agency discretion whether to waive duplication fees if it deems it in the public interest to do so. If a request is made for a waiver of fees, *the request[o]r must explain why the waiver is in the public interest. [The Department] must articulate some non-discriminatory reason for not waiving the fee*. Once there is some non-discriminatory reason given, there is no right to appeal that determination. 65 P.S. § 67.1101 only authorizes a requestor to take an appeal "[i]f a written request for access to a record is denied or deemed denied." A fee waiver is not a denial of access so a requestor has no appeal rights under the statute.

4

*Prison Legal News v. Off. of Open Recs.*, 992 A.2d 942, 948 (Pa. Cmwlth. 2010) (emphasis added); *see also Froehlich*, 29 A.3d at 868.

Here, Bowen has not met his burden of explaining why the public interest would be served by the Department's waiver of copy fees for his RTKL request. Although he claims his criminal defense will be prejudiced without the requested documents, Br. of Pet'r at 5, he fails to explain why the Department has any obligation to absorb copy costs for documents merely because the primary source of such documents has allegedly failed to provide them.

In its denial of Bowen's requested fee waiver, the Department cited budget constraints and the absence of a budget item for absorption of copy costs in responding to RTKL requests. C.R. Item #6 at 1 & Ex. A ¶ 11. This is a non-discriminatory reason for refusing to waive fees, and Bowen has neither alleged nor sustained his burden of proving otherwise. *See Froehlich*, 29 A.3d at 868. Therefore, consistent with our holdings in *Prison Legal News* and *Froehlich*, this Court concludes that the OOR correctly found itself without jurisdiction to review the Department's refusal to waive Bowen's copy fees.[5]

---

[5] Moreover, even if this Court were to review the propriety of the Department's refusal to waive prepayment of copy fees, we would uphold the Department's decision. Bowen claims he is seeking documents that should already be available to him at no charge through discovery in his pending criminal proceeding. Br. of Pet'r at 4-5; C.R. Item #1 at 1-2; C.R. Item #7 at 1. This assertion offers no persuasive reason why the Department should incur expense to duplicate such documents without reimbursement.

Bowen also argues the Department should waive his RTKL copy fees because he is indigent. Br. of Pet'r at 5. However, he cites no authority for the proposition that indigency of the requester obligates an agency to waive copy fees under the RTKL.

Bowen further asserts that his ability to defend his pending criminal action is prejudiced by his inability to obtain the requested documents. Br. of Pet'r at 5. Again, however, he cites no authority that would require the Department to provide documents at no charge in response to a RTKL request, merely because the requester asserts that he was improperly denied free copies from another source.

**B. Petition for Review in this Court's Original Jurisdiction**

In his separate petition dated August 12, 2020, purportedly filed in this Court's original jurisdiction, Bowen seeks to compel production of the requested documents. *See* Pet., 8/12/20 at 1. His petition is unclear, but it appears to seek relief both compelling the Department to waive copy fees and compelling discovery from the Indiana County District Attorney in Bowen's pending criminal action.

To the extent that Bowen seeks to compel discovery in the criminal action, that request will be transferred to the Court of Common Pleas of Indiana County for disposition. *See* 42 Pa. C.S. § 5103(a) (action filed in incorrect court will be transferred rather than dismissed).

To the extent that Bowen seeks to assert a claim, apparently sounding in mandamus, to compel the Department to waive fees, the petition fails to state a claim. "It is well settled that mandamus will lie only where the petitioning party demonstrates its clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy." *Gay v. Pines*, 835 A.2d 402, 405 (Pa. Cmwlth. 2003). Mandamus will not lie to compel an agency to perform an act that is discretionary. *Dodgson v. Dep't of Corr.*, 922 A.2d 1023, 1027 (Pa. Cmwlth. 2007) (in mandamus action "involving an administrative agency's exercise of discretion, a court may only direct the agency to perform the discretionary act; the court may not direct the agency to exercise its judgment or discretion in a particular way or direct the retraction or reversal of action already taken"); *Jamal v. Dep't of Corr.*, 549 A.2d 1369, 1371 (Pa. Cmwlth. 1988) ("Once an agency has performed the duty to make a discretionary decision, a dissatisfied party may not seek to compel a different result through mandamus.").

6

As explained above, the RTKL gives the Department discretion to grant or refuse a fee waiver request. 65 P.S. § 67.1307(f). The Department has exercised its discretion by denying a waiver in this case. Because waiver is a discretionary act, mandamus will not lie to compel its performance.

Pa. R.C.P. No. 240(j)(1) allows a court to dismiss an action *sua sponte* where the petitioner is seeking to proceed *in forma pauperis* and where the court determines that the filing is frivolous, in that it "lacks an arguable basis either in law or fact."[6] *Gay*, 835 A.2d at 404 (citing Official Note to Pa. R.C.P. No. 240(j)(1) quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1990)). Here, Bowen is proceeding *in forma pauperis*, and his mandamus petition lacks any arguable basis in fact or law and, accordingly, is frivolous. Bowen's mandamus claim is therefore dismissed.

Bowen's second petition also arguably seeks review of the amount of the prepayment required by the Department. *See* Pet., 8/12/20 at 1, ¶ 7. However, he did not challenge the fee calculation before the OOR. *See* C.R. Item #8 at 1. Accordingly, he has failed to preserve this issue for review by this Court. Pa. R.A.P. 1551(a); *B.C. v. Penn Manor Sch. Dist.*, 906 A.2d 642, 647 (Pa. Cmwlth. 2006) ("It is well[]settled that, where an issue was not raised below, it will not be addressed for the first time in this court.").

Even had Bowen properly preserved this issue, it is without merit. Bowen incongruously contends the copy fee is "exaggerated" because, he now claims, many of his document requests should have been denied under exceptions to the RTKL. Pet., 8/12/20 at 1, ¶ 7. Moreover, Bowen fails to support this argument by either citation of authority or discussion explaining which of his document

---

[6] "Unless otherwise prescribed by [appellate] rules the practice and procedure in matters brought before an appellate court within its original jurisdiction shall be in accordance with the appropriate general rules applicable to practice and procedure in the courts of common pleas, so far as they may be applied." Pa. R.A.P. 106.

requests the Department should have refused.  The argument is therefore waived for this additional reason.  *Wert v. Dep't of Transp., Bureau of Driver Licensing*, 821 A.2d 182, 190, (Pa. Cmwlth. 2003) (argument presented in conclusory fashion, without explanation, is waived); *see also* Pa. R.A.P. 2119(a) (argument section of brief shall include pertinent discussion and citation of authorities for each point asserted).

## IV. Conclusion

Based on the foregoing discussion, the decision of the OOR is affirmed, Bowen's request for relief in this Court's original jurisdiction is dismissed, and this matter is transferred to the Court of Common Pleas of Indiana County for disposition of Bowen's discovery requests relating to his criminal case.

_____
CHRISTINE FIZZANO CANNON, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,                         :
              Petitioner             :
                                     :
        v.                           :
                                     :
Department of Corrections,           :      No. 705 C.D. 2020
              Respondent             :

### O R D E R

AND NOW, this 26th day of April, 2021, the final determination of the Office of Open Records, dated June 23, 2020, is AFFIRMED. Petitioner's request for mandamus relief is DENIED. Petitioner's request for discovery in his pending criminal matter, No. CP-32-CR-1119-2019, is TRANSFERRED to the Court of Common Pleas of Indiana County for disposition.

Jurisdiction is relinquished. The Prothonotary is directed to send copies of the docket entries with the transfer.

_____
CHRISTINE FIZZANO CANNON, Judge