**INDIANA UNIVERSITY OF PENNSYLVANIA,**
Petitioner

v.

**David LOOMIS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 9, 2011.

Decided June 24, 2011.

Michael S. Ferguson, Harrisburg, for petitioner.

Gayle Chatilo Sproul, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and McCULLOUGH, Judge.

OPINION BY Judge PELLEGRINI.

Indiana University of Pennsylvania (University) appeals from the final determination of the Office of Open Records (OOR) granting in part and denying in part David Loomis' (Requester) appeal concerning the University's redaction of certain information from public records he requested. For the reasons that follow, we reverse.

Requester is a journalism professor at the University. He submitted a Right–to–Know Law [1] (Law) request seeking to have the University obtain the following records in the possession of the Foundation for Indiana University of Pennsylvania (Foundation):

a. Amounts of pledges, including payment and dates, outstanding balances, record of transactions, fund transfers and correspondence related to donations, for the Kovalchick Convention and Athletic Complex for the period July 1, 2003, through June 30, 2010.

b. The same information as it relates to the Residential Revival construction project at Indiana University of Pennsylvania.

c. The [Foundation]'s Internal Revenue Service Form 990 filings for the same period (July 1, 2003, through June 30, 2010).

d. Minutes of meetings of the [Foundation] Board of Directors as they relate to raising and disbursing money during the same period (July 1, 2003, through June 30, 2010).

(Reproduced Record (R.R.) at 1.) The University obtained the requested records from the Foundation but certain information was specifically redacted: signatures under the personal security exception, Section 708(b)(1)(ii) of the Law, 65 P.S. § 67.708(b)(1)(ii), to prevent photo-shopping signatures; material not directly related to the function the Foundation was performing under contract; discussions that constituted predecisional deliberations under Section 708(b)(10)(i)(A) of the Law, 65 P.S. § 67.708(b)(10)(i)(A), and were related to proceeding with a Residential Revival housing project under Section 708(b)(22) of the Law, 65 P.S. § 67.708(b)(22), and donor identities from minutes under Section 708(b)(13) of the Law, 65 P.S. § 67.708(b)(13). (R.R. at 3–4.) Most pertinent to this appeal, the University also requested a check for $118 for copy fees due and payable upon receipt of the documents.[2]

■ Requester neither paid the fee nor picked up the documents but instead filed an appeal with the OOR arguing that the information the University redacted is public under *East Stroudsburg University v. Office of Open Records*, 995 A.2d 496 (Pa.Cmwlth.2010), *petition for allowance of appeal denied*, —— Pa. ——, 20 A.3d 490 (No. 439 MAL 2010 March 16, 2011), and that the University's response did not specify redactions sufficiently. He also claimed that the "university's refusal to allow me to inspect records approved for

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. Section 901 of the Law, 65 P.S. § 67.901, provides, in relevant part, "All applicable fees shall be paid in order to receive access to the record requested."

release without having to pay in advance for photocopying services is unreasonable." (R.R. at 6.) The OOR then sent a letter to the University asking for additional information concerning the redacted records and why it redacted what it did. The letter also stated, "You may also respond to the grounds for appeal." (R.R. at 8.) The University did not respond. The OOR allowed the University to redact donor identities but required it to provide all other information. The University then appealed to this Court.[3]

On appeal, the University contends that because payment of the required fees is a precondition to receipt of the documents, the OOR erred in not denying Requester's appeal giving it access to any information in those documents. It goes on to argue that the payment of the copying costs is necessary because until the fees are paid and the documents accessed, requesters, the OOR or the reviewing courts are unable to assess whether the withheld information had been properly redacted. Because Requester had no right to access the documents, he argues that the OOR erred by not denying the appeal and addressing redactions to the document.

Requester responds that the University waived the issue of whether it was required to pay for the copying fees before the OOR could consider its claim that the redactions were improper by failing to respond to the OOR's letter for additional information. However, what that argument ignores is that Requester, not the University, was the appellant before the OOR, so the University had no duty to raise anything. *Heim v. Medical Care Availability and Reduction of Error*

*Fund*, —— Pa. ——, 23 A.3d 506 (2011). Whether all access could be denied was before the OOR because it was one of Requester's grounds that he should not have to pay for the redacted copies to gain access to the records and, even though the OOR failed to address it, that issue remains and is properly before us.

Generally, an agency may require that a requester pay applicable fees before receiving access to records. Section 901 of the Law, 65 P.S. § 67.901. "A request for a public record in possession of a party other than the agency shall be submitted to the open records officer of the agency. Upon a determination that the record is subject to access under this act, the open records officer shall assess the duplication fee.... and upon collection shall remit the fee to the party in possession of the record if the party duplicated the record. If the requester does not pay the fee in full, the agency may withhold access." Section 506(d)(3), 65 P.S. § 67.506(d)(3). *See also Prison Legal News v. Office of Open Records*, 992 A.2d 942, 946 (Pa.Cmwlth.2010). In this case, the Requester requested copies from the third party, the Foundation, and the University assessed copying fees to pay for the Foundation's copying fees. Because 65 P.S. § 67.506(d)(3) provides that the agency may withhold access of the documents until the fee is paid in full, the OOR erred in ordering access to those documents.

Accordingly, because Requester was properly denied access to the records due to his failure to pay the required copying costs, the OOR should have denied his appeal. Because it did not, the final determination of the OOR is reversed.

---

**3.** On appeal, this Court independently reviews orders of the OOR and may substitute its own findings of fact for that of the agency. We can accept additional evidence and make our own factual findings. *Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa.Cmwlth. 2010), *petition for allowance of appeal granted*, —— Pa. ——, 15 A.3d 427 (2011).

## ORDER

AND NOW, this 24th day of June, 2011, the order of the Office of Open Records, No. AP 2010–0686, dated August 25, 2010, is reversed.

## CONCURRING OPINION BY Judge McCULLOUGH.

I concur in the result reached by the Majority. I write separately to further address the situation involving records in possession of a third party with whom an agency has contracted to perform a governmental function, as well as to cite other provisions of the Right–to–Know Law (RTKL)[1] which I believe further support the Majority's decision in this case.

In the present case, David Loomis (Requester), a journalism professor at Indiana University of Pennsylvania (University), sought records in the possession of the Foundation for Indiana University of Pennsylvania (Foundation) relating to pledges/donations for various University construction projects and minutes of meetings of the Foundation's Board of Directors with respect to the raising and disbursement of these funds. Section 506(d) of the RTKL addresses records in the possession of a third party, providing as follows:

(1) A public record that is not in the possession of an agency but is in possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

(2) Nothing in this act shall be construed to require access to any other record of the party in possession of the public record.

(3) A request for a public record in possession of a party other than the agency shall be submitted to the open records officer of the agency. Upon a determination that the record is subject to access under this act, the open records officer shall assess the duplication fee established under section 1307(b) and upon collection shall remit the fee to the party in possession of the record if the party duplicated the record.

65 P.S. § 67.506(d)(1)-(3). In *East Stroudsburg University v. Office of Open Records*, 995 A.2d 496 (Pa.Cmwlth.2010), *appeal denied*, —— Pa. ——, 20 A.3d 490 (No. 439 MAL 2010, filed March 16, 2011), this Court held that records of the East Stroudsburg University Foundation directly related to its fundraising activities on behalf of East Stroudsburg University, including minutes of meetings related to the management of these funds, were subject to disclosure under section 506(d)(1). Indeed, Requester relied on our decision in *East Stroudsburg University* in support of his appeal to the Office of Open Records (OOR).

Generally, section 701(a) of the RTKL provides that "a public record ... shall be accessible for inspection and duplication" and "shall be provided in the medium requested if it exists in that medium; otherwise, it shall be provided in the medium in which it exists." 65 P.S. § 67.701(a). However, I believe this section is limited to records in possession of the agency itself, and not to records in possession of a third party. This belief is buttressed by other provisions of the RTKL, namely sections 901 and 1307.

Section 901 states, in pertinent part, that "[a]ll applicable fees shall be paid in order to receive access to the record requested." 65 P.S. § 67.901. Section

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

1307(b) permits an agency to establish fees for, *inter alia,* duplication by photocopying, 65 P.S. § 67.1307(b), and section 1307(h) specifically permits an agency to require a requester to prepay an estimate of any fees expected to exceed $100.00, and to withhold access to records until such fees are paid, 65 P.S. § 67.1307(h).

In the present case, the Foundation provided the University with copies of 472 pages of information in response to Requester's request. The University thereafter notified Requester that it was in receipt of the requested records and that, in accordance with section 1307(h) of the RTKL, a fee of $118.00 was due and payable before it would grant him access to these records. The University also notified Requester that certain information, including signatures, internal deliberations, and minutes disclosing donor identities, was being redacted from these records. Requester did not pay the fee; instead, requester filed an appeal with OOR challenging the redactions. Based on these facts and the statutory provisions cited above, the Majority properly concludes that Requester's failure to pay the fee precluded his access to the records, that his appeal to OOR should have been denied, and that OOR erred in directing the University to disclose the records.[2]

---

**2.** We note that if the records sought in this case had been original records, Requester would have had a right to inspect under section 701(a) of the RTKL, the fees set forth in sections 901 and 1307 would not be applicable, and an appeal regarding the redactions would have been proper under section 1101(a) of the RTKL, 65 P.S. § 67.1101(a).

An interesting question would arise as to the propriety of an appeal if the University had permitted Requester to inspect the redacted records without paying the fee. However, the evidence of record before this Court indicates that Requester was not permitted such an inspection and, therefore, we need not reach this issue here.