# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,  :
                    Petitioner  :
                                :
        v.                      :  No. 22 C.D. 2017
                                :  Submitted:  October 13, 2017
Pennsylvania Department of      :
Corrections,                    :
                    Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  December 15, 2017**


Alton D. Brown (Requester), pro se, petitions for review of the December 22, 2016 Final Determination of the Office of Open Records (OOR) denying his appeal of the Pennsylvania Department of Corrections' (Department) refusal to grant his Right-to-Know Law (RTKL)[1] request because he had outstanding fees from the production of records for his prior RTKL Request 354-16 (Prior Request).

On October 24, 2016, Requester, an inmate at the State Correctional Institution at Greene (SCI-Greene), submitted a RTKL request with the Department for the Department's Hepatitis C policy and protocol.  The Department denied the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

request, stating that Requester still owed $6.32 for producing records for the Prior Request.[2]

Requester appealed the Department's denial to the OOR, contending that he did not owe $6.32 to the Department and that the Department failed to produce documents proving otherwise. In a declaration made on November 15, 2016, Requester stated that:

1. The Pa. D.O.C. never provided me with a letter with the "amended invoice" with regards to Item No. 7 in RTKL Request No. 0354-16. I first learnt about the discovery of Item No. 7 via it's [*sic*] May 24, 2016 position statement submitted to the Appeals Office at No. 2016-0832.

2. I have never been provided notice that any documents have been produced, copied, and waiting for my purchase.

3. I have no problems paying for the documents.

(Certified Record (C.R.) at Item 1, Ex. C.) Also, included in Requester's appeal materials were the April 14, 2016 letter in response to the Prior Request and the above-referenced May 24, 2016 position statement and invoice for the Prior Request. The invoice indicated that the $6.32 charge for this request resulted from $4.75 for the copying of 19 pages of granted records at 25 cents per page and $1.57 in postage.

---

[2] The Department received the Prior Request on March 21, 2016, and it issued a letter, dated April 14, 2016, purporting to grant access to two of the seven items requested. Requester appealed to the OOR. On May 24, 2016, in response to Requester's appeal, the Department submitted a position statement supporting its denial and an invoice reflecting the charges related to the granted records.

The Department responded with a declaration made under penalty of perjury on December 12, 2016, by Department Open Records Officer Andrew Filkosky (Filkosky Declaration), who stated that:

4.      [Requester], DL4686, was granted records on a RTKL request at docket RTKL 0354-16.

5.      The records for RTKL 0354-16 were copied and prepared for [Requester].

6.      As of the date this declaration is being signed, [Requester] has not paid for the records for RTKL 0354-16.

7.      The outstanding balance is $6.32.

(C.R. Item No. 5.)

The OOR issued a Final Determination denying Requester's appeal, concluding that the Department was justified in not processing Requester's RTKL request because he had not paid the fees associated with the reproduction of documents for the Prior Request. (OOR's Final Determination at 1-2.) The OOR stated that an agency may validly refuse to process a RTKL request if the requester has a balance due from a prior RTKL request. (*Id.* at 1.) The OOR reasoned that the Filkosky Declaration met the Department's burden of proving that Requester had an outstanding balance. (*Id.* at 2.) Requester filed this petition for review.[3]

Requester does not challenge the Department's ability to withhold access to records where the requester owes money for a prior request and, in fact, Requester concedes that he has no problem paying for the documents. Instead, Requester

---

[3] This Court's standard of review in appeals from determinations by agencies under the RTKL is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

challenges the sufficiency of the evidence offered to prove that he actually does owe the $6.32 as the Department claims. Requester contends that the Department never produced any documents responding to the Prior Request, or at least never notified him that it had done so and that the records were ready for him to pick up. In support, Requester refers to the Department's April 14, 2016 letter in response to the Prior Request, which provided, in relevant part, Requester with two options for accessing the granted materials:

> If you have the means and wish to access the granted records at the Department's Central Office you may make [arrangements] to inspect the records at the RTKL Office. You may also designate a representative to make arrangements to inspect the records on your behalf. . . . You or your representative will be responsible for the duplication costs of any portions of the records that you wish to retain after inspecting the records. . . .
> Finally, if you do not have the means or desire to inspect the records at the RTKL Office, the documents can also be mailed to you at a cost of $3.11 (9 pages @ $0.25 per page, plus $0.86 for postage). If you would like us to send copies of the records, we require that you prepay for the documents before they are mailed. . . . **If your payment is not received within thirty (30) days of the date of this letter your request will be deemed to be withdrawn and a new request would need to be filed for future access to the requested records.**

(C.R. at Item 1, Ex. A (emphasis added).) Requester asserts that this letter's grant of access, without more, did not obligate him to pay for any documents because the letter gave him options on how to acquire the records: one of which required prepayment and one of which did not. He argues that, until he decided on which option he would use, no fee could be charged. Requester further contends that, because he did not prepay for the documents within 30 days of receiving the letter, his request, per the terms of the letter, should have been deemed withdrawn without

4

incurring any costs because the letter did not indicate that he **must** prepay, only that he may prepay to have the documents mailed to him.

Further, Requester asserts the grant of Item 7, which resulted in additional costs being charged, was invalid because it came more than 30 days after the Department's April 14, 2016 letter that stated that if payment is not received in 30 days that the request would be withdrawn and would need to be resubmitted. (Requester's Br. at 3.) Notably, that letter stated that the charges owed would be $3.11 because only Items 2 and 6 of the Prior Request were granted, and Item 7 was denied because the Department claimed "[t]he record(s) that [were] requested do not currently exist." (C.R. at Item 1, Ex. A.) It appears that, while Requester was appealing the denial of the other items, the Department, in its May 24, 2016 position statement, granted access to Item 7, which consisted of an additional ten pages for which the Department sought payment.[4]

The Department counters that it has produced sufficient evidence to support its contention that Requester owes $6.32. The evidence that the Department seeks to rely upon are: the Filkosky Declaration; the April 14, 2016 letter and the May 24, 2016 position statement, which indicate what records were granted in the Prior Request; and the May 24, 2016 invoice, which indicates the number of pages granted and the shipping cost for Requester's Prior Request.

Section 901 of the RTKL addressing, generally, record requests and an agency's obligations in responding to such requests, states, in pertinent part, that "[a]ll applicable fees shall be paid in order to receive access to the record requested." 65 P.S. § 67.901. An agency may deny a request for records when a requester owes

---

[4] Item 7 was included on the invoice for May 24, 2016, causing the total invoice to show a balance of $6.32.

outstanding fees to the agency for a prior request. *See Dep't of Transp. v. Drack*, 42 A.3d 355, 362-63 (Pa. Cmwlth. 2012).[5] The agency asserting such basis for denying access to the records has the burden to prove the requester's indebtedness to the agency. *See id.* at 364 ("[T]he RTKL places an evidentiary burden upon agencies seeking to deny access to records . . . ."). We have determined that an unsworn attestation or a sworn affidavit is sufficient to meet this burden of proof, so long as the declaration is not conclusory or generic. *W. Chester Univ. v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth. 2015); *Office of Governor v. Scolforno*, 65 A.3d 1095, 1103-04 (Pa. Cmwlth. 2013).

Recently, in two cases involving other RTKL requests from Brown that were denied by the Department for, among other reasons, failure to pay the same $6.32 at issue here, this Court found the evidence the Department offered in support of the denial of those requests to be insufficient. In both of those cases, the Department's sole evidentiary offering was a declaration **identical** to the one made by Filkosky in this case. *Brown v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 1868 C.D. 2016, filed Oct. 31, 2017), slip op. at 4, 7-8 (*Brown* II); *Brown v. Dep't of Corr.* (Pa. Cmwlth., No. 1959 C.D. 2016, filed Sept. 1, 2017), slip op. at 5, 7 (*Brown* I).[6] In *Brown* I, we determined that the Filkosky Declaration was insufficient because it failed to

---

[5] In *Drack*, we concluded that:

> In a situation where a requester owes money for an agency's fulfillment of an earlier request, and where the amount owed for a current request is not expected to exceed $100, Section 901 permits an agency to process the request but to withhold *access* to the request until all applicable fees, including fees for earlier requests, are paid.

*Drack*, 42 A.3d at 363 (emphasis in original).

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedure, 210 Pa. Code § 69.414(a), an unreported opinion filed after January 15, 2008, may be cited for its persuasive value and not as binding precedent.

"identify the documents that were reproduced as well as the number of pages included in the $6.32 charge" for the Prior Request. *Brown* I, slip op. at 7. In *Brown* II, we determined that the Filkosky Declaration was insufficient because it failed to identify: the records "copied and prepared"; the date on which the records were copied and prepared; whether the Department actually made the records available to Requester;[7] and whether the Department notified Requester that he owed money for fulfillment of the Prior Request. *Brown* II, slip op. at 4, 7-8.

The Department recognizes the deficiencies identified in *Brown* I. It asserts, however, that this matter is different because it also provided the April 14, 2016 letter, the May 24, 2016 position statement by the Department, and the May 24, 2016 invoice, which, together, cures those deficiencies.

The April 14, 2016 letter may identify the records to which the Department was granting access as required in *Brown* I, but it does not cure the deficiencies pointed out in *Brown* II. This letter does not identify when the records were copied and prepared and whether they were actually made available to Requester. Rather, the April 14, 2016 letter gave Requester two options in how to access the granted records. This letter did not state that Requester was **required** to pay for the granted records because it contained at least one option that did not require any payment. In maintaining that Requester owes $6.32, the Department essentially invoiced

---

[7] This is required pursuant to Section 701(a) of the RTKL, which states:

Unless otherwise provided by law, a public record, legislative record or financial record shall be accessible for inspection and duplication in accordance with this act. A record being provided to a requester shall be provided in the medium requested if it exists in that medium; otherwise, it shall be provided in the medium in which it exists. Public records, legislative records or financial records shall be available for access during the regular business hours of an agency.

65 P.S. § 67.701(a).

7

Requester for copying and mailing records related to the Prior Request, even though it had given Requester the option of having a representative view the documents at the Department's RTKL office **for no charge**, so long as the records were not duplicated. Further, the letter stated "[i]f [Requester's] payment is not received within thirty (30) days of the date of this letter **[Requester's] request will be deemed to be withdrawn** and a **new request would need to be filed** for future access to the requested records."[8] (C.R. at Item 1, Ex. A (emphasis added).) Even though the Department did not receive payment in 30 days from Requester for the items granted, thereby rendering the request for those items withdrawn, the Department asserts he still owes it money based on the deemed-withdrawn request.[9]

The May 24, 2016 position statement, like the April 14, 2016 letter, may have identified the records to which the Department was granting access, but it, too, does not identify when the records were copied and prepared and whether they were actually made available to Requester. Finally, while the May 24, 2016 invoice offers proof that the Department notified Requester, during his appeal related to the Prior

---

[8] Such language suggests that it is at least questionable as to whether Requester actually received access to the requested records.

[9] The Department requests this Court to take judicial notice of the OOR's June 12, 2016 Advisory Opinion, attached to its brief and available on the OOR's website www.openrecords.pa.gov/RTKL/AdvisoryOpinions.cfm. In that Advisory Opinion, the OOR opined, based on Sections 901 and 905 of the RTKL, 65 P.S. §§ 67.901 (requiring that a requester must pay "[a]ll applicable fees"), 67.905 (providing that if an agency states that the "requested records are available for delivery at the office of an agency and the requester" does not retrieve them within 60 days of the response, the agency can dispose of the copies and retain any fees paid to date"), and *Drack*, 42 A.3d at 363, "that agencies may deny access to records sought in RTKL requests based on a requestor's outstanding fees stemming from a prior RTKL request" "even where the requester never retrieved the records, because the agency, in responding to the prior request, **had been required to produce physical copies of the requested records**." (OOR Advisory Op. at 2; Department's Br. Ex. B (emphasis added).) However, even if the Court were to take judicial notice of the OOR's Advisory Opinion, this record does not identify when the records at issue in the Prior Request were copied and prepared and whether they were actually made available to Requester.

8

Request, that he owed money for fulfilling the Prior Request, this invoice does not specify: the records copied and prepared; the date on which the records were copied and prepared; and whether the Department actually made the records available to Requester.

We recognize that the additional items in this record cited by the Department may have cured some of the deficiencies identified in *Brown* I and *Brown* II. However, the Department has not identified when the records were copied and prepared and whether they were actually made available to Requester as required by *Brown* II. Accordingly, the Final Determination of the OOR is vacated, and the matter is remanded to the OOR for the Department to introduce a more detailed declaration within 30 days, to which Requester may respond within 30 days, and the OOR shall issue a new determination. If the Department does not issue a new declaration within this time period, the OOR shall direct the Department to release

the requested records subject to the payment of copying and postage fees by Requester.

_____

**RENÉE COHN JUBELIRER,** Judge

Judge Cosgrove did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,              :
            Petitioner     :
                    :
         v.            :   No. 22 C.D. 2017
                    :
Pennsylvania Department of   :
Corrections,                :
            Respondent   :

## O R D E R

**NOW**, December 15, 2017, the December 22, 2016 Final Determination of the Office of Open Records (OOR), entered in the above-captioned matter, is **VACATED**, and the matter is **REMANDED** to the OOR with instructions for the Department of Corrections (Department) to submit a more detailed declaration regarding the unpaid fees in Alton D. Brown's (Requester) Right-to-Know Law Request RTKL 0354-16 within 30 days of this Order. Requester may file a response within 30 days of the filing of the Department's declaration, and the OOR shall then issue a new determination. If the Department does not issue a declaration within this time period, the OOR shall direct the Department to release the requested records subject to the payment of copying and postage fees by Requester.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER**, Judge