# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                         :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 168 C.D. 2017
                                        : Submitted: September 8, 2017
Pennsylvania Department                 :
of Corrections,                         :
                                        :
                    Respondent          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  January 29, 2018


Alton Brown (Requester) petitions *pro se* for review of the Office of Open Records' (OOR) final determination, dated January 11, 2017, dismissing as untimely his appeal from the Pennsylvania Department of Corrections' (Department) denial of his request for the release of documents under the Right-to-Know Law (RTKL).[1]

Requester, an inmate at the State Correctional Institution (SCI) at Greene, filed a request with the Department for the following documents: (1) any document that reflects the names, positions, and salaries of all Department staff at SCI-Greene; (2) the transfer petition pertaining to Requester's July 2, 2013 transfer

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

to SCI-Smithfield; and (3) the transfer petition pertaining to Requester's May 11, 2015 transfer to SCI-Greene. On November 29, 2016, citing multiple reasons, the Department denied the request. First, the Department asserted that Requester had an outstanding balance[2] in the amount of $6.32 for the records produced in response to his previous request (RTKL 0354-16). The Department further explained that even if Requester did not have an outstanding balance, his request was denied pursuant to Section 708(b)(1)(ii),[3] Section 708(b)(2),[4] Section 708(b)(6),[5] Section

---

[2] Section 901 of the RTKL requires requesters to pay "[a]ll applicable fees." 65 P.S. §67.901.

> In a situation where a requester owes money for an agency's fulfillment of an earlier request, and where the amount owed for a current request is not expected to exceed $100, Section 901 permits an agency to process the request but to withhold *access* to the request until all applicable fees, including fees for earlier requests, are paid.

*Department of Transportation v. Drack*, 42 A.3d 355, 363 (Pa. Cmwlth. 2012) (emphasis original).

[3] Section 708(b)(1)(ii) exempts from public access any record the disclosure of which would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual. 65 P.S. §67.708(b)(1)(ii).

[4] Section 708(b)(2) excludes from public access records maintained by an agency in connection with law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or a public safety protection activity. 65 P.S. §67.708(b)(2).

[5] Section 708(b)(6) exempts from public access personal identification information, including but not limited to a person's Social Security number, driver's license number, personal financial information, personal phone numbers or email addresses, employee number or other confidential personal identification number, a spouse's name, marital status, beneficiary or dependent information, or the home address of a law enforcement officer or judge. 65 P.S. §67.708(b)(6).

708(b)(10)(i)(A),[6] Section 708(b)(16),[7] and Section 708(b)(17) of the RTKL.[8] Finally, the Department also asserted that the requested transfer petitions were protected by the deliberative process privilege and, accordingly, were not public records under Section 102 of the RTKL.[9]

Requester had 15 business days from the date of the Department's decision, or until December 20, 2016, to appeal the denial to OOR. OOR received Requester's appeal on January 9, 2017. On January 11, 2017, OOR dismissed Requester's appeal as untimely, further noting that the appeal was postmarked on January 3, 2017. Requester petitioned for reconsideration, asserting that he gave prison officials his appeal paperwork on December 20, 2016, and that he was entitled

---

[6] Section 708(b)(10)(i)(A) exempts from public access records that reflect the internal, predecisional deliberations of an agency or between agencies, including predecisional deliberations relating to a contemplated or proposed course of action or any research, memos, or other documents used in the predecisional deliberations. 65 P.S. §67.708(b)(10)(i)(A).

[7] Section 708(b)(16) exempts from public access records of an agency relating to or resulting in a criminal investigation that, if disclosed, would reveal the institution, progress, or result of such investigation, deprive a person of the right to a fair trial or adjudication, impair the ability to locate a defendant or codefendant, hinder an agency's ability to secure an arrest, prosecution, or conviction, or endanger the life or physical safety of an individual. 65 P.S. §67.708(b)(16).

[8] Section 708(b)(17) exempts from public access records of an agency relating to or resulting in a noncriminal investigation that, if disclosed, would reveal the institution, progress, or result of such investigation, deprive a person of the right to an impartial adjudication, constitute an unwarranted invasion of privacy, hinder an agency's ability to secure an administrative or civil sanction, or endanger the life or physical safety of an individual. 65 P.S. §67.708(b)(17).

[9] The deliberative process privilege protects from disclosure documents containing confidential deliberations of law or policymaking, reflecting opinions, recommendations, or advice. *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 383 (Pa. Cmwlth. 2014). Section 102 of the RTKL defines, in pertinent part, "public record" as "[a] record, including a financial record, of a Commonwealth or local agency that: . . . (3) is not protected by a privilege." 65 P.S. §67.102.

to application of the prisoner mailbox rule. In support of his assertion, Requester submitted a copy of a cash slip for the deduction of postage for a letter to OOR, dated December 20, 2016. OOR denied Requester's petition for reconsideration by letter dated February 28, 2017. This appeal followed.[10]

Requester argues that OOR erred in failing to apply the prisoner mailbox rule and that his appeal should have been considered timely filed. This Court has held that "[u]nder the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). In addition, OOR's Procedural Guidelines state, in pertinent part, "[i]f a Requester is incarcerated, the OOR will consider appeal submissions timely filed with evidence that the appeal was placed into the institutional mail within the fifteen (15) business day appeal period provided under Section 1101(a)(1) of the RTKL." Procedural Guidelines– Statement of Policy, §IV.C.4.b.i.[11] A cash slip constitutes sufficient evidence to show compliance with the prisoner mailbox rule. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).[12] Nevertheless, OOR's response reflects that it did not consider

---

[10] Our standard of review of a decision made by an OOR appeals officer under the RTKL is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[11] Our courts have repeatedly held that these are only "Interim Guidelines," not duly promulgated regulations that would be entitled to deference. *Bowling*, 75 A.3d at 471 n.20.

[12] The Department states that the record is insufficient to support a challenge to the veracity of the cash slip Requester offered as evidence of timely filing. Nonetheless, the Department asserts that even if the appeal is deemed timely, Requester is not entitled to the records due to an outstanding balance of fees owed to the Department. As previously noted, unpaid fees permit the Department to withhold access, but are not a basis to deny a request. *Drack*. The Department also argues that the appeal may be dismissed under the Prisoner Litigation Reform Act (PLRA), 42 Pa.C.S. §6602(f). However, in a recent unreported decision involving these same parties, we held

4

application of the prisoner mailbox rule. Because OOR failed to consider application of the prisoner mailbox rule, we vacate OOR's dismissal of Requester's appeal as untimely and remand this matter to OOR for further proceedings.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

that RTKL requests are not "prison conditions litigation" and therefore not subject to the purview of the PLRA. *Brown v. Department of Corrections*, (Pa. Cmwlth., No. 1959 C.D. 2016, filed September 1, 2017). *See* 210 Pa. Code §69.414 (unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
                                         :
                 Petitioner              :
                                         :
            v.                           : No. 168 C.D. 2017
                                         :
Pennsylvania Department                  :
of Corrections,                          :
                                         :
                 Respondent :

O R D E R

AND NOW, this 29th day of January, 2018, the Final Determination of the Office of Open Records (OOR), dated January 11, 2017, is VACATED and this matter is REMANDED to OOR for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MICHAEL H. WOJCIK, Judge