# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
           Petitioner              :
                              :
          v.                         : No. 1959 C.D. 2016
                              : Submitted: August 4, 2017
Department of Corrections,               :
           Respondent             :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: September 1, 2017


Alton D. Brown (Requestor) appeals the Final Determination of the Office of Open Records (OOR) denying his appeal of the Pennsylvania Department of Corrections' (Department) refusal to grant his Right-to-Know Law (RTKL)[1] request because he had outstanding fees for copy charges from a previous RTKL request. The Department also requests that we revoke Requestor's *in forma pauperis* (IFP) status. We deny that request and, on the underlying appeal, remand the matter to the OOR for the Department to submit a more detailed affidavit that Requestor had unpaid RTKL fees.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

**I.**

The Department requests that we revoke Requestor's IFP status and dismiss his appeal if the filing fees are not paid because Requestor is an "abusive litigator" under Section 6602(f) of the Pennsylvania Prisoner Litigation Reform Act ("PLRA"), 42 Pa.C.S. § 6602(f). The Department points out that once a prisoner is determined to be an abusive litigator, defined as those prisoners who have filed at least three unsupported actions, the ability to proceed IFP may be denied, and the abusive litigator's civil proceeding, including appeals, may be dismissed unless the applicable filing fees and costs are paid. There is no dispute that Requestor is a prisoner who has been declared to be an abusive litigator. *See Brown v. Department of Corrections*, 58 A.3d 118 (Pa. Cmwlth. 2012). The only question is whether an appeal from a denial of a RTKL request falls within the PLRA.

The PLRA applies to "prison conditions litigation" which is defined as "[a] civil proceeding arising . . . under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal." 42 Pa.C.S. § 6601. The Department contends that because Requestor initiated the instant appeal for RTKL records involving the administration of prisons – *i.e.*, the prison's Ramadan menu and the 2015 settlement agreement between the Department and the Disability Rights Network of Pennsylvania – the civil proceeding arising from his request constitutes "prison conditions litigation" under the PLRA.

2

However, even though the RTKL request may be seeking prison documents, it is not "prison conditions litigation" because such a request does not seek to remedy any prison condition or anything that prison officials do or do not do that impact a person in prison. The RTKL makes no distinction between prisoners and other citizens. The present request only seeks to access public documents that any citizen of Pennsylvania can access for any reason. Moreover, it is irrelevant why documents are requested. Section 703 of the RTKL provides that a "written request need not include any explanation of the request[o]r's reason for requesting or intended use of the records unless otherwise required by law." 65 P.S. § 67.703.

Accordingly, because a RTKL request is not "prison conditions litigation," the Department's application that we revoke Requestor's IFP status is denied. Now we turn to the merits.

## II.

### A.

Requestor, an inmate at the State Correctional Institution at Greene (SCI-Greene), submitted a RTKL request to the Department for SCI-Greene's previous Ramadan menu as well as the 2015 settlement agreement between the Department and the Disability Rights Network of Pennsylvania. The Department denied the request because Requestor had an outstanding balance of $6.32 for copy charges from a previous request (RTKL 0354-16), which the Department incurred

in responding to this request.[2] In this previous request, Requestor sought seven items and the Department responded by providing two of the requested items but denied the others for various reasons.

Requestor appealed the Department's failure to produce the requested documents to the OOR, contending that he did not owe the Department $6.32 and that "the Department has fail [*sic*] to produce any documents to prove otherwise (other than false affidavits submitted in other RTKL matters)." (Record (R.) Item No. 1.) Along with his appeal, Requestor submitted a statement attesting "I have no knowledge of any debt I owe to [the Department] as a result of documents provided to me pursuant to an RTKL request. I have <u>no</u> problems with paying an outstanding debt of $6.32, but I will not pay money I <u>do not</u> owe. . . ." (*Id.*) (emphases in original). Requestor also stated that he made two attempts to contact Agency Open Records Officer Andrew Filkosky (AORO Filkosky) for proof of this debt but received no response.

---

[2] Section 901 of the RTKL provides that "[a]ll applicable fees shall be paid in order to receive access to the record requested." 65 P.S. § 67.901.

> In a situation where a requester [*sic*] owes money for an agency's fulfillment of an earlier request, and where the amount owed for a current request is not expected to exceed $100, Section 901 permits an agency to process the request but to withhold *access* to the request until all applicable fees, including fees for earlier requests, are paid.

*Department of Transportation v. Drack*, 42 A.3d 355, 363 (Pa. Cmwlth. 2012) (emphasis in original).

The Department responded with a Position Statement asserting that it did not have to produce the requested documents because Requestor had an outstanding balance. The Department also provided an affidavit by AORO Filkosky, who was responsible for issuing responses to all RTKL requests, which stated, in relevant part:

> 4. [Requestor], DL4686, was granted records on a RTKL request at docket RTKL 0354-16.
>
> 5. The records for RTKL 0354-16 were copied and prepared for [Requestor].
>
> 6. As of the date this declaration is being signed, [Requestor] has not paid for the records for RTKL 0354-16.
>
> 7. The outstanding balance is $6.32.

(R. Item No. 3.) Requestor offered no evidence to refute AORO Filkosky's affidavit.

The OOR issued a Final Determination denying Requestor's appeal on the basis that the Department was justified in refusing to process Requestor's RTKL request because he had not paid for the reproduction of documents requested at RTKL 0354-16. Requestor then filed this petition for review.[3]

---

[3] This Court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

**B.**

Not disputing that the Department can withhold records if he has not paid for documents copied and prepared in previous RTKL requests, Requestor contends that the Department has not made out its burden because AORO Filkosky's affidavit is conclusory in nature and should not have been relied upon by the OOR as evidence that Requestor did, in fact, have an outstanding balance of $6.32.

Under Section 708(a)(1) of the RTKL, "[t]he burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a)(1). Relevant and credible testimonial affidavits may provide sufficient evidence in support of an exemption from the production of the requested records, but conclusory affidavits, standing alone, will not satisfy this burden of proof. *Office of the District Attorney of Philadelphia v. Bagwell*, 155 A.3d 1119, 1130 (Pa. Cmwlth. 2017). Affidavits must be "detailed, nonconclusory, and submitted in good faith. . . . Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned." *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 381 (Pa. Cmwlth. 2014) (quoting from *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (*en banc*)). "Affidavits that are conclusory or merely parrot the exemption do not suffice." *Pennsylvania Department of Education v. Bagwell*, 114 A.3d 1113, 1123 (Pa. Cmwlth. 2015) (citing *Scolforo*).

In this case, the question is whether AORO Filkosky's affidavit is sufficiently detailed. The affidavit stated that regarding his request at RTKL 0354-16, records were copied and prepared for Requestor, that he had not paid for the records for RTKL 0354-16, and that he has an outstanding balance of $6.32 for reproduction of those requested documents. When a requestor seeks a public document, the "request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested. . . ." Section 703 of the RKTL, 65 P.S. § 67.703. When identifying documents in an affidavit, no less is required. Because the affidavit here does not identify the documents that were reproduced as well as the number of pages included in the $6.32 charge, we remand this matter to the OOR for the Department to introduce a more detailed affidavit to which Requestor can respond.

_____
DAN PELLEGRINI, Senior Judge

Judge Cosgrove did not participate in the decision of this case.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
          Petitioner               :
                                           :
          v.                       : No. 1959 C.D. 2016
                                           :
Department of Corrections,               :
          Respondent              :

## **O R D E R**

AND NOW, this 1st day of September, 2017, the Final Determination of the Office of Open Records (OOR) dated November 4, 2016, in the above-captioned matter is vacated and the case is remanded to the OOR with instructions for the Department of Corrections (Department) to submit a more detailed affidavit regarding unpaid fees in RTKL 0354-16. Requestor may file a response within 15 days of the filing of the Department's affidavit, and OOR shall then issue a determination. The Department's Request to Revoke Petitioner's *in forma pauperis* status is denied.

Jurisdiction relinquished.

                                         _____
                                         DAN PELLEGRINI, Senior Judge